UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FORREST GODFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. _____ |
| Vs. ) | |
| ) | |
| MENARD, INC. and MIKE MESKE, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL

To: The United States District Court for the Northern District of Illinois.

Plaintiff's counsel: Patrick M. Flaherty
Kinnally, Flaherty, Krentz, Loran, Hodge & Masur, P.C.
2114 Deerpath Road
Aurora, IL 60506
pflaherty@kfkllaw.com

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants, Menard, Inc. and Michael S. Meske, by and through their attorneys, Gary T. Jansen, Nicole D. Milos, and Laura E. Fahey, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, hereby file this *Notice of Removal* of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this *Notice*, Defendants respectfully state as follows:

1. On April 27, 2016, Plaintiff Forrest Godfrey filed a *Complaint* in the Circuit Court of Cook County, Illinois. (*See* Exhibit A, Plaintiff's *Complaint*.)

2. On May 9, 2016, Menard, Inc.'s registered agent was served with Plaintiff's *Complaint* and *Summons*. (*See* Exhibit B, Notice of Service of Process.)

3. On April 25, 2016, Michael S. Meske was purportedly served with Plaintiff's *Complaint* and *Summons*.

4. Plaintiff's *Complaint* alleges that on June 28, 2014, while shopping at the Menard's store in Hodgkins, Illinois, Plaintiff Forrest Godfrey visually examimed one of the laundry tubs on display on an elevated shelf. (*See* Exhibit A.) The *Complaint* alleges that when Plaintiff reached up and pulled the sprayer of the laundry tub, the laundry tub fell onto Plaintiff. (*See* Exhibit A.) Plaintiff alleges he was injured as a proximate result of Defendants' negligence. (*See* Exhibit A.)

5. Plaintiff Forrest Godfrey is a citizen of the State of Illinois.

6. Defendant Menard, Inc. is a corporation duly organized and existing under the laws of Wisconsin, with its principal place of business in the State of Wisconsin, at 5101 Menard Drive, Eau Claire, Wisconsin. As such Defendant Menard, Inc. is a citizen of the State of Wisconsin.

7. Plaintiff's *Complaint* prays for judgment in an amount in excess of $50,000. (*See* Exhibit A.) The damages affidavit attached to Plaintiff's *Complaint* states that the total of money damages sought in this case exceeds $50,000. (*See* Exhibit A.)

8. Plaintiff's *Complaint* alleges that Plaintiff sustained severe, disabling injuries to the muscles, bones, and nervous system. (*See* Exhibit A.) The *Complaint* alleges that Plaintiff experienced pain and will in the future experience further pain and suffering from his injuries. (*See* Exhibit A.) Further, the *Complaint* alleges that Plaintiff incurred expenses from necessary medical care, treatment, and services, and will in the future incur further similar expenses. (*See* Exhibit A.) Plaintiff alleges he lost time and wages from his employment, and will in the future

lose additional time and wages. (*See* Exhibit A.) The *Complaint* alleges Plaintiff has been prevented from participating in the enjoyment of living common to all people. (*See* Exhibit A.)

9. Plaintiff alleges medical bills and lost wages of $72,553.38. (*See* Exhibit C, Plaintiff's attorney's 6/4/15 settlement letter.)

10. Where a plaintiff's complaint alleges permanent injuries and significant medical expenses it is apparent from the face of the complaint that damages exceed the jurisdictional amount. *McCoy v. General Motors Corp.*, 226 F. Supp.2d 939, 942 (N.D. Ill. 2002), *see also Gallo v. Homelite Consumer Products*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005).

11. 28 U.S.C. § 1446 imposes a 30 day limitation upon a defendant to timely file a notice of removal. Therefore, the only information a defendant can generally rely upon is the allegations of a plaintiff's complaint.

12. Therefore, it appears to a reasonable probability that Plaintiff Forrest Godfrey seeks damages exceeding $75,000, exclusive of interest and costs.

13. Federal Rule of Civil Procedure 21 allows a district court to dismiss a party who has been fraudulently joined. Fed. R. Civ.P. 21. The joinder of Defendant Michael S. Meske is fraudulent. Defendants have filed contemporaneously herewith a *Motion to Dismiss*, and *Memorandum of Law in Support* of *Defendant's Notice of Removal and Motion to Dismiss*.

14. Once Defendant Michael S. Meske is dismissed, the United States District Court for the Northern District of Illinois has original jurisdiction over this matter under 28 U.S.C. §1332 (a)(2)(c)(1), there being diversity between the citizenship of Plaintiff and that of Defendant Menard, Inc., and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

15. Therefore, this lawsuit is removable from state court to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1441 (a) and 28 U.S.C. §1332 (a)(2)(c)(1).

16. Defendants' *Notice of Removal* is timely because it was filed within thirty days after the receipt by Defendants, through service, of the initial pleading setting forth the removable claims for relief. 28 U.S.C. § 1446(b).

17. Written notice of the filing of the *Notice of Removal* has been served on Plaintiff through his counsel, as required by 28 U.S.C. §1446 (d).

18. A true copy of this *Notice of Removal* has been filed with the Circuit Court of Cook County, Illinois, as provided by 28 U.S.C. §1446 (a).

19. By filing this *Notice of Removal,* Defendants, Menard, Inc. and Michael S. Meske, do not waive any jurisdictional objections or any other defenses that are available.

WHEREFORE, Defendants, Menard, Inc. and Michael S. Meske, respectfully request that this civil action be removed from the Circuit Court of Cook County, Illinois, and that this Court accept jurisdiction over this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

    Respectfully submitted,

    s/Gary T. Jansen_____
    One of the Attorneys for Defendants
    Menard, Inc. and Michael S. Meske

Gary T. Jansen
Nicole D. Milos
Laura E. Fahey
CREMER SPINA, SHAUGHNESSY JANSEN & SIEGERT LLC
One North Franklin, 10th Floor
Chicago, IL 60606
T: (312) 726-3800 / F: (312) 726-3818

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on June 3, 2016, the foregoing *Notice of Removal* was electronically filed with the Clerk of the Court using the CM/ECF system, automatically giving notice to:

Patrick M. Flaherty
Kristin A. Hoffman
Kinnally, Flaherty, Krentz, Loran, Hodge & Masur, P.C.
2114 Deerpath Road
Aurora, IL 60506
pflaherty@kfkllaw.com


                                              /s/ Gary T. Jansen